A. R. DOUGLASS, LEROY B. GILES, and GEORGE W. KEOPKA, *Plaintiffs in Error,* vs. C. H. OEMLER, *Defendant in Error.*

139 So. 824.
141 So. 743.
Division B.
Opinion filed February 25, 1932.
Opinion on Rehearings filed May 19, and Nov. 7, 1932.

*Dickinson & Dickinson,* for Plaintiffs in Error.

*George B. Carter* and *W. H. Poe,* for Defendant in Error.

Per Curiam.—Defendant in Error sued the plaintiffs in error in a common law action. The declaration was filed in the circuit court of Orange County and was in seven counts, six counts being common counts and the seventh count being a special count on contract.

A trial was held and verdict returned on counts two and seven in the sum of $4505.00. Final judgment was entered in the sum of $5,580.00. Writ of error was taken to that judgment. The contract was one for drawing plans and specifications for an apartment house to be constructed by plaintiffs in error. Defendant in error was an architect and this action was brought to recover his fees for furnishing said plans and specifications. When the plans and specifications were ready, the whole scheme fell through and the apartment house was never constructed.

The final judgment contained the following items:

Specifications and working drawings $3,337.88, Drawing details $434.07, Revision after bids received $380.70, and Expenses $347.40. We think there is showing in the record for a portion of this judgment but on the whole showing made allowance of the last three items was unwarranted and the allowance of $3,337.88 for specifications and working drawings was too large under the circumstances shown to exist.

There are many errors assigned and to elaborate them all would necessitate a long opinion that would serve no useful purpose. For the reason stated, the cause is reversed and a new trial awarded.

Reversed.

Whitfield, P.J. and Terrell and Davis, J.J., concur.

Buford, C.J. and Ellis and Brown, J.J., concur in the opinion and judgment.

---

### On Petition for Rehearing.

Per Curiam.—On Petition for rehearing, this cause has

been re-examined and we have reached the conclusion as on the first consideration, that the judgment is excessive.

If the Plaintiff in Error will enter a remittitur for $1,000. the final judgment will stand affirmed for the balance, otherwise the cause will be reversed for a new trial.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J. AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

---

## ON REHEARING.

PER CURIAM.—In this case opinion was filed on February 25th, 1932. On re-hearing Order was made and filed on May 19th, 1932, in which the judgment was affirmed conditioned upon the entry of a remittitur in the sum of $1,000.00. On June 14th, 1932, plaintiffs in error filed petition for re-hearing which was granted specifically upon certain grounds therein mentioned; and now, after again considering the record and having heard the argument of counsel and examined the briefs filed herein, we are of the opinion that the plaintiff was not entitled to recover the amount claimed for drawing details $434.07, nor the amount claimed for revision after bids received $380.70, or for the amount of expense $347.40, making a total of the sum of $1,162.17.

Therefore, if the plaintiff within ten days after filing of the mandate in the court below enters a remittitur in the sum of $1,162.17, the remainder of said judgment will stand affirmed for the amount thereof after such deduction as of the date of the entry thereof; otherwise, the case shall stand reversed for a new trial. It is so ordered.

BUFORD, C.J. AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.

TERRELL, J., not participating.